UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN SNEYDER AGUILERA NINO,

Petitioner,

v.

TOOD LYONS, ET AL.,

Respondents.

No. 2:26-cv-01216-DAD-JDP (HC)

ORDER ADOTPING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*

(Doc. Nos 1, 9)

Petitioner Edwin Sneyder Aguilera Nino is a federal immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  On April 3, 2026, the undersigned granted petitioner's motion for a temporary restraining order requiring his immediate release from immigration detention.  (Doc. No. 7.)  This matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's *habeas* petition (Doc. No. 1) be granted. (Doc. No. 9.) Specifically, the magistrate judge explained that petitioner's re-detention by immigration authorities without a pre-deprivation hearing violated petitioner's due process rights.  (*Id.*)  Thus, the magistrate judge recommended granting the *habeas* petition and making this court's previous grant of preliminary injunctive relief in the form of a temporary restraining order (Doc. No. 7),

1

permanent.  (Doc. No. 9.)  The parties were given 14 days in which to file objections to the findings and recommendations which respondents did on August 11, 2026.  (Doc. No. 10.)

Respondents object to the finding that it violated petitioner's due process rights, relying on the decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995), *superseded by statute as stated in*, *Xi v. I.N.S.*, 298 F.3d 832, 837–38 (9th Cir. 2002), for the proposition that indefinite detention of an "applicant for admission" is not a violation of due process. (Doc. No. 10 at 1–2.)  The court has explained on multiple occasions why it does not find this argument persuasive.  *See, e.g.*, *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1453984, at *1 n.1 (E.D. Cal. May 22, 2026).  Indeed, one district court has questioned the extent to which *Barrera-Echavarria* has been undermined by subsequent United States Supreme Court decisions specifically regarding whether indefinite detention is constitutionally permissible.  *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 770 (S.D. Cal. 2020) (noting that while the Ninth Circuit stated in *Barrera-Echavarria* that non-citizens having "no substantive right to be free from immigration detention" was "conceptually defensible," subsequent Supreme Court case law has found that proposition to be not "constitutionally defensible") (quoting *Barrera-Echavarria*, 44 F.3d at 1450).  Regardless, the court finds respondents' reliance on *Barrera-Echavarria* misplaced because, as another district court has noted, "the Ninth Circuit went on to say that the case before it did not involve indefinite detention" because the noncitizen was detained pursuant to a set of regulations that provided annual parole hearings.  *Ahmed v. Casey*, No. 26-cv-00981-RSH-DDL, 2026 WL 658412, at *3 (S.D. Cal. Mar. 9, 2026) (rejecting the respondent's argument on the basis that *Barrera-Echavarria* did not hold that indefinite detention was compatible with due process).  For these reasons, the court rejects this objection.[1]  The Court also finds that respondents' other objections are also unpersuasive.

---

[1]  Although respondents continue to argue that petitioner should be considered detained pursuant to 8 U.S.C. § 1225(b), the court notes that respondents' August 11, 2026 objections to the July 28, 2026 findings and recommendations fail to address the precedential opinion of the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), which was issued after the pending findings and recommendations but before the filing of those objections.  This failure renders respondents' objections in large part irrelevant and unhelpful.

For the reasons stated above,

1. The findings and recommendations filed by the magistrate judge on July 28, 2026 (Doc. No. 9) are ADOPTED IN FULL;

2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED; and

3. The Clerk of Court is directed to enter judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated:    **August 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3